JOHNNIE CUNNINGHAM and PAULINE CUNNINGHAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cunningham v. Commissioner
Docket No. 16510-84.
United States Tax Court
T.C. Memo 1988-357; 1988 Tax Ct. Memo LEXIS 381; 55 T.C.M. (CCH) 1502; T.C.M. (RIA) 88357; August 8, 1988. James E. Cannon, for the respondent. PARKER MEMORANDUM OPINION PARKER, Judge: By statutory notice of deficiency dated April 4, 1984, respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Year
Deficiencies
(Sec. 6653(b)) [1]
1975
$  2,772.58
$  1,386.29
1976
8,024.35
4,012.18
1977
19,583.07
9,791.54
1978
30,125.65
15,062.82
1979
351.31
175.66
*382 Following a rather complex and convoluted procedural odyssey, [2] this case is now before the Court on respondent's motion for summary judgment pursuant to Rule 121. Although petitioners were accorded an opportunity to file an opposing written response, with or without supporting affidavits, they have not availed themselves of that opportunity nor responded in any other way. *383 Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; ; . Here, petitioners have not responded to the motion for summary judgment, and it could be said that respondent's motion is wholly unopposed. With respect to additions to tax under section 6653(b), respondent has the burden to prove by clear and convincing evidence *384 (1) that an underpayment of tax exists for each year and (2) that a part of the underpayment of tax each year is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); ; . Respondent's burden of proof can be met by facts deemed admitted under Rule 37(c) or under Rule 90(c). ; ; . Here, the facts in respondent's request for admissions are deemed admitted for all purposes in this case. Rule 90(c); , affd. on another issue . Those deemed admitted facts are here incorporated by this reference and are so found by the Court. Because of the length and detail of those established facts, the Court will merely summarize the highlights below. At the time the petition in this case was filed, petitioners Johnnie Cunningham and Pauline Cunningham, husband and wife, resided *385 in Alton, Missouri. During all the years before the Court, Mr. Cunningham was a farmer. Each year before the Court, petitioners received substantial amounts of taxable income from the farming operation that they omitted from their tax return. Each year petitioners failed to maintain complete and accurate books and records of their income-producing activities. Respondent determined the amounts of unreported taxable income by the bank deposits and cash expenditures method, as set out in the statutory notice of deficiency. The figures in Exhibits A through D of the deficiency notice are established by the various paragraphs of the request for admissions and the documents attached to that request. Briefly, these established facts in summary form show the following: 1975
1976
1977
1978
Bank Deposits
$ 16,073.05
$ 44,416.66
$  29,145.46
$  63,734.78
Cash Expenditures
20,361.03
36,563.41
94,595.82
92,906.26
Total Funds
$ 36,434.08
$ 80,980.07
$ 123,741.28
$ 156,641.04
Less: Amounts
from nontaxable
sources
7,599.02
15,043.25
18,239.46
17,250.00
Corrected Gross
Income
$ 28,835.06
$ 65,936.82
$ 105,501.82
$ 139,391.04
Less: amounts
reported on
returns:
Schedule F
16,676.00
26,124.00
49,914.88
56,279.80
Capital Gains
-0-   17,142.00
-0-   -0-   Unreported
gross income
$ 12,159.06
$ 22,670.82
* $  55,586.94
* $  83,114.24
*386 As a result of unreported gross income petitioners also understated their taxable income for the years 1975 through 1978 in the amounts of $ 10,463.60, $ 28,056.53, $ 50,429.38, and $ 70,372.40, respectively. This of course resulted in the underpayments of tax set out in the deficiency notice. During the years 1975 through 1978, petitioners did not receive any nontaxable or excludable income, receipts, cash or other assets other than as included above. During that period they did not receive any gifts, inheritances, legacies, or devises. Petitioners failed to report the above amounts of gross income, understated their taxable income, and underpaid their taxes for the years 1975 through 1978 with the intent to evade taxes. Petitioners' failure to maintain complete and accurate books and records of their income-producing activities for the years 1975 through 1978 and their failure to produce complete and accurate records to respondent in connection with the examination of their returns were due to fraud with intent to evade tax. Also, *387 for 1979 petitioners, in computing income for income averaging purposes, used the base period income figures for the years 1975 through 1978 that they knew were false and fraudulent and used those figures with the intent to evade tax for the year 1979. Based on these deemed admissions respondent has satisfied his burden of proving that no genuine issue of material fact exists. Also, the facts deemed admitted under Rule 90(c) are sufficient to establish by clear and convincing evidence that there was an understatement of income each year, an underpayment of tax each year, and that some portion of that underpayment of tax each year was due to fraud with intent to evade tax. [3] Accordingly, respondent's motion for summary judgment will be granted as to both the deficiencies and additions to tax for fraud as set forth in the notice of deficiency. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in question, and all "Rule" references are to the Tax Court Rules of Practice and Procedure. ↩
2. After the case was calendared for trial, petitioners' counsel moved to withdraw from the case because petitioners had failed or refused to meet and cooperate with him to prepare their case for trial. The Court deferred action on his motion to withdraw and issued an order to show cause directing petitioners to appear at the trial session. Petitioners' counsel advised the Court that they had received the Court's order to show cause, but petitioners nonetheless did not appear at the trial session. The Court had no choice except to grant the motion to withdraw. This Division of the Court retained jurisdiction of the case to permit respondent to explore settlement possibilities with petitioners individually, and/or to prepare the case for trial or other disposition, particularly in view of the fraud issues as to which respondent has the burden of proof. Petitioners have not cooperated in any way either in the settlement efforts with the appeals officer or in getting the case prepared for trial or other disposition. Petitioner Johnnie Cunningham apparently takes the position that it does not matter whether the Court enters decision for the lesser amount discussed for settlement purposes or for the total amount involved in the case since he says he does not have the money to pay either amount. When all settlement efforts had failed, respondent filed a request for admissions under Rule 90. Petitioners failed to respond and those facts were deemed admitted under Rule 90(c). , affd. on another issue . Based upon those deemed admitted facts, respondent filed a motion for summary judgment, together with his supporting memorandum of law, in this case. Petitioners have not responded thereto nor otherwise acknowledged that they have a lawsuit pending in this Court. ↩
*. The gross income omitted in 1977 and 1978 was in excess of 25 percent of the amount reported on petitioners' returns for those years.↩
3. Since the Court has found fraud each year, the statute of limitations does not prohibit the assessment of the tax. Sec. 6501(c). We also note that even absent fraud, the years 1977 and 1978 would still be open under the six-year statute of limitations. Sec. 6501(e). ↩